UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HENRY C. SAUCIER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-111-DBH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of depression, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), anti-social personality disorder, drug abuse, and alcohol abuse, Finding 2, Record at 9; that his impairments, including the substance use disorders, met the criteria of sections 12.04 and 12.09 of Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 3, *id*. at 10; that, if he stopped substance use, the remaining limitations would cause more than a

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 15, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

minimal impact on his ability to perform basic work activities, and, therefore, he would continue to have a severe impairment or combination of impairments, Finding 4, *id.*; that, if he stopped substance use, he would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with some non-exertional limitations, including, in relevant part, a limitation to unskilled work in a low-stress environment with only occasional changes in the work setting and only occasional interaction with co-workers or the public, Finding 6, *id.* at 11; that, if he stopped substance use, considering his age (26 years old, defined as a younger individual, on the date his application was filed), education (high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 8-11, *id.* at 14; and that, because he would not be disabled if he stopped substance use, his substance use disorder was a contributing factor material to the determination of disability, and he, therefore, had not been disabled at any time from the date that his application was filed through the date of decision (October 29, 2009), Finding 12, *id.* at 15. The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986). While the administrative law judge reached Step 5 of the sequential evaluation process, the plaintiff's statement of errors implicates Steps 2 and 4, as well as the determination that his substance use was material to his disability.

Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

At Step 4 of the sequential evaluation process, the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R.

§ 405.101 (incorporating 20 C.F.R. § 416.920(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The need to determine whether substance use is material to disability stems from a provision of the Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability." *Bartley v. Barnhart*, 117 Fed. Appx. 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C).

That Contract with America directive was in turn incorporated into the agency's regulations, which provide in relevant part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> 
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
> 
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> 
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935(b).

## I. Discussion

The plaintiff seeks reversal and remand, with instructions to award benefits, on grounds that the administrative law judge (i) concluded, in the absence of substantial evidence, that the

4

plaintiff's substance abuse was material to his disability, (ii) omitted at Step 2 to find severe impairments of psychosis NOS [not otherwise specified], impulse control disorder, and learning limitations, (iii) failed to give substantial and/or controlling weight to the opinions of the plaintiff's treating therapist, Cameron Ives, LCSW, and (iv) failed to properly assess the plaintiff's RFC. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 10) at [2]-[6]. I find no reversible error and, accordingly, recommend that the court affirm the decision.

### A. Finding of Materiality of Substance Abuse

As a threshold matter, the plaintiff correctly observes that the record is devoid of any expert or treating-source opinion that drug and/or alcohol abuse was material to his disability. *See id*. at [3]-[4]. None of the five Disability Determination Services ("DDS") experts who evaluated the plaintiff's mental impairments addressed the issue. *See* Record at 485-98 (Psychiatric Review Technique Form ("PRTF") dated November 9, 2006, by DDS nonexamining consultant Brenda Sawyer, Ph.D.), 548-49 (Case Analysis dated June 12, 2007, by DDS nonexamining consultant R.G. Chahal, M.D.), 762-63 (Report of Psychological Evaluation performed on March 3, 2008, by DDS examining consultant Roger Ginn, Ph.D.), 777-90 (PRTF dated March 28, 2008, by DDS nonexamining consultant David R. Houston, Ph.D.), 835-48 (PRTF dated September 11, 2008, by DDS nonexamining consultant Scott W. Hoch, Ph.D.). Treating counselor Ives, the only treating source who expressly considered the question, indicated in a Mental Impairment Questionnaire dated September 20, 2009, that neither drug nor alcohol abuse was material to the plaintiff's disability. *See id*. at 1075.

Nonetheless, the DDS experts did not reach the issue of the materiality of drug and alcohol abuse because they did not find the plaintiff disabled, whether by drug and alcohol abuse

5

or any other combination of mental impairments. *See id.* at 485, 549, 763, 777, 835. Their reports thus indirectly provide substantial evidence for the finding that, in the absence of drug or alcohol abuse, the plaintiff's limitations would not be disabling.

### B. Asserted Step 2 Errors

"[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim." *Bolduc v. Astrue,* Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010). The plaintiff asserts that the administrative law judge's failure to consider or evaluate his impulse control disorder is reversible error, yet he offers no explanation why this is so. *See* Statement of Errors at [5].[2] His bid for reversal and remand on this basis accordingly falls short.

Moreover, my own review of the voluminous record persuades me that any error on the part of the administrative law judge in failing to discuss or analyze this condition was harmless. This asserted difficulty, which is only intermittently diagnosed or noted in the medical evidence of record, was taken into account by Dr. Chahal, one of the two DDS consultants who offered an opinion as to the plaintiff's mental RFC. *See* Record at 548-49 (Chahal Case Analysis). In turn, as discussed below, the mental RFC found by the administrative law judge comports with that of Dr. Chahal.

---

[2] In his statement of errors, the plaintiff also faulted the administrative law judge's failure at Step 2 to take into account his learning disorders. *See* Statement of Errors at [5]. However, at oral argument, his counsel stated that he did not press this as a Step 2 ground for reversal. The plaintiff also indicated in the subheading of the Step 2 section of his statement of errors that he challenged the administrative law judge's failure to consider his impairments due to psychosis NOS. *See id.* at [4]. Yet, he failed to mention this asserted impairment in the body of his brief, *see id.* at [4]-[5], thereby waiving the point. In any event, there is substantial evidence of record that he did not suffer from psychosis. *See, e.g.*, Record at 762 (Ginn Evaluation Report, noting no history of psychotic disturbance).

## C. Treatment of Treating Counselor

The plaintiff next faults the administrative law judge for failing to accord controlling or, at least, substantial weight to the mental RFC assessment of treating counselor Ives, reasoning that Ives had treated him for more than 18 months on at least a monthly basis, his opinions were entirely consistent with other opinions of record, he provided relevant evidence to support his opinions, and he had demonstrated expertise in the area of mental illness counseling and therapy. *See* Statement of Errors at [5]-[6]. I find no error.

As the plaintiff acknowledges, *see id.* at [6], Ives, a licensed clinical social worker, does not qualify as an "acceptable medical source" for Social Security purposes, *see* 20 C.F.R. § 416.913(a). "[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight." Social Security Ruling 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010) ("SSR 06-03p"), at 329. Yet, evidence from "other sources" such as Ives may not be ignored:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

*Id.* at 330. "The weight to which such evidence may be entitled will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors[.]" *Id.* at 331. Finally:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the

> adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id*. at 333.

The administrative law judge met the requirements of SSR 06-03p with respect to the Ives opinion. He did not ignore it. He explained that he "g[a]ve[] no weight" to the opinion, while acknowledging that it was "entitled to consideration." Record at 14. He provided an explanation sufficient to follow his reasoning, namely, that Ives' assessment that the plaintiff's mental impairments caused a number of moderate to severe limitations on his ability to perform work-related functions, *see id*. at 1072-73, was contradicted by the record as a whole, and that Ives had made no mention of the plaintiff's chronic substance abuse problems despite the fact that those problems were central to all other psychological reports in the file, *see id*. at 14.

Although SSR 06-03p, in contrast to regulations pertaining to the handling of treating source opinions, does not require that an adjudicator articulate "good reasons" for the rejecting of an "other source's" opinion, *compare* SSR 06-03p at 333 *with* 20 C.F.R. § 416.927(d)(2), the administrative law judge did that as well. He supportably found the Ives opinion contradicted by the record as a whole. In sharp contrast to Ives, three of the five DDS experts whose opinions are of record deemed the plaintiff's mental impairments to impose only mild deficits and hence to be non-severe, *see* Record at 485 (Sawyer PRTF), 777 (Houston PRTF), 835 (Hoch PRTF), while the remaining two found only moderate limitations, *see id*. at 550-52 (Chahal Mental RFC Opinion), 763 (Ginn Evaluation Report).[3]

---

[3] As the plaintiff's counsel observed at oral argument, the administrative law judge did not explain how Ives' opinion was contradicted by the record as a whole. *See* Record at 14. The plaintiff's counsel posited that in the absence of a more detailed explanation, it was error for the administrative law judge to reject the Ives opinion out of
(*continued on next page*)

The administrative law judge committed no error in his handling of the Ives RFC opinion.

### D. Mental RFC

The plaintiff finally faults the administrative law judge for failing, in determining his mental RFC, to consider his work history, social history, and history of anti-social behavior, including his chronic inability to control his anger and other impulses, with Ives having identified no less than 16 basic mental functions that he believed were significantly impaired. *See* Statement of Errors at [6].

I find no error. As discussed above, the administrative law judge supportably rejected the Ives mental RFC opinion, adopting a mental RFC that comports with those of Drs. Chahal and Ginn, each of whom had taken into account the plaintiff's work history, social history, and anger management difficulties. *Compare* Finding 6, Record at 11 *with id*. at 548-49 (Chahal Case Analysis), 762-63 (Ginn Evaluation Report).

### II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14)*

---

hand. Nonetheless, he cited no authority for that proposition, and SSR 06-03p requires only that adjudicators "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning[.]" SSR 06-03p at 333. The discussion was sufficient for that purpose in this case.

*days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*


Dated this 28th day of March, 2011.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge